IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT McCORKENDALE,**

    **Plaintiff,**

    v.                                **CASE NO. 17-3225-SAC**

**JOE NORWOOD., et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Scott McCorkendale is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this civil rights action alleging the "mistreatment" of him and similarly-situated inmates at the Oswego Correctional Facility (the El Dorado Correctional Facility-Oswego in Oswego, Kansas). Plaintiff claims that "defendants" are "falsifying disciplinary reports, physically injuring inmates without justification, and committing other unlawful acts against plaintiff and others, and have no adequate Grievance procedure in place to resolve inmate complaints about their unlawful actions." (Doc. 1, at 2.)

Plaintiff alleges that on July 28, 2017, Defendant Brenner issued a Disciplinary Report against Plaintiff for insubordination or disrespect to an officer or other employees for allegedly violating Kan. Admin. Reg. 44-12-305. Plaintiff alleges that Defendant Brenner "falsified the disciplinary action" against Plaintiff.

1

Plaintiff alleges that "Defendants" regularly: deprive Plaintiff and other similarly-situated inmates of property without due process; discriminate against inmates on the basis of race by subjecting non-white inmates to disciplinary segregation, forfeiture of good time credits, deprivation of property, and deprivation of privileges and custody classification, at a rate greatly disproportionate to white inmates; unjustly deny parole or good time credits; subject inmates to emotional, psychological and physical abuse; fail to answer grievances and retaliate against inmates filing complaints.

Plaintiff provides an example of an alleged instance of abuse by Defendant Brenner regarding placing handcuffs on another inmate. Plaintiff alleges that "one or more" of the other Defendants contributed to the unlawful actions by acting directly or turning a deaf ear to the actions of others. Plaintiff alleges that he "has suffered serious emotional and psychological abuse."

Plaintiff alleges in Count I violations of the Eighth and Fourteenth Amendments. Plaintiff alleges as Count II, violations of the Kansas Tort Claims Act. As Count III, Plaintiff alleges a First Amendment violation for Defendants' failure to provide an adequate and effective grievance procedure. Plaintiff also alleges a conspiracy. Plaintiff names as Defendants: Joe Norwood, Secretary of Corrections of the State of Kansas; (fnu) Miller, Deputy Warden; (fnu) Rion, Security Supervisory Staff; (fnu) Philbrick, Security Supervisory Staff; (fnu) Henley, Captain; (fnu) Zenk, Lt.; (fnu) Spencer, Lt.; (fnu) Harris, Staff Sgt.; (fnu) Snyder, Staff Sgt.; (fnu) Pettit, Staff Sgt.; (fnu) Kepner, Guard; (fnu) Brenner, Guard; and John and Jane Does.

Plaintiff seeks declaratory relief, a preliminary and permanent injunction, compensatory damages of $10,000 from each defendant, and punitive damages against each defendant in the

amount of $10,000. Plaintiff also seeks to have the employment of Defendants Brenner and Kepner terminated.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

3

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

4

## III. DISCUSSION

### *1. Eleventh Amendment Immunity*

Plaintiff sues Defendants in their individual and official capacities. A claim against state officials for monetary damages is barred by sovereign immunity. An official-capacity suit is another way of pleading an action against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

### *2. Habeas Corpus Claims*

Challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits

5

resulting from unsupported disciplinary convictions violated due process), *superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007).

Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus.  Moreover, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts.  Any challenge to the loss of good time must be dismissed from this action without prejudice to raising it in a habeas corpus petition after exhaustion of all available state remedies.

### *3. Personal Participation*

Plaintiff has failed to allege how any of the Defendants, other than Defendant Brenner, personally participated in the deprivation of his constitutional rights.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983

liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Any Amended Complaint filed by Plaintiff should name each individual defendant as directly involved in each scenario and describe the acts or inactions of that person which allegedly violated his constitutional rights.

### *4. Retaliation*

Plaintiff makes a bald, conclusory statement that inmates are being retaliated against for filing complaints. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims. Plaintiff fails to allege which defendants retaliated against him and his allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive.

### 5. *Due Process*

Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts

to redress alleged deprivation of property). Plaintiff has failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-deprivation remedy was unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiff must show cause why his claim should not be dismissed for failure to state a claim.

### *6. Conspiracy Claim*

Plaintiff's conclusory allegation of a conspiracy is insufficient to state a claim. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Plaintiff's conspiracy claim is subject to dismissal for failure to allege adequate facts to establish the elements of this claim. As noted, to state a claim of conspiracy, a plaintiff must allege facts showing both an agreement and an actual deprivation of a constitutional right. *See Thompson*, 58 F.3d at 1517. Plaintiff's Complaint does neither. Even though Plaintiff's allegations are accepted as true on initial review, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . .." *Twombly*, 550 U.S. at 555. Plaintiff's Complaint asserts conclusory and speculative claims of conspiracy with no supporting factual allegations. Such bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

### 7. *Grievance Procedure*

Plaintiff acknowledges that a grievance procedure is in place and that he used it. (Doc. 1, at 12.)  On August 21, 2017, he initiated informal resolution by submitting a form-9 to the unit team, and he initiated the formal grievance process the next day.  Plaintiff's complaint is that staff fail to respond to grievances, and Plaintiff is forced to file his grievance directly to the Secretary of Corrections—which he did.  Plaintiff received a response stating that his grievance was denied.

Plaintiff's claims relate to his dissatisfaction with responses to his grievances.  The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").  Plaintiff's claims regarding the failure to respond to grievances are subject to dismissal for failure to state a claim.

### 8. *Damages*

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that

"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's request for compensatory damages is subject to dismissal.

Plaintiffs also seeks punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiffs' request for punitive damages is subject to dismissal.

### 9. *Class Action*

Plaintiff purports to bring this action on behalf of himself and other similarly-situated individuals. This action has not been certified as a class action. *See* Fed. R. Civ. P. 23. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus,

Plaintiff, appearing pro se, cannot adequately represent a class. Any request to certify a class is denied.

### 10. *State Law Claims*

Plaintiff alleges violations of the Kansas Tort Claims Act. State law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3225-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **June 25, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 25, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 25th day of May, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**