IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SCOTT McCORKENDALE,**

    **Plaintiff,**

    **v.**                               **CASE NO. 17-3225-SAC**

**JOE NORWOOD., et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action alleging the "mistreatment" of him and similarly-situated inmates at the Oswego Correctional Facility (the El Dorado Correctional Facility-Oswego in Oswego, Kansas). Plaintiff claims that "defendants" are "falsifying disciplinary reports, physically injuring inmates without justification, and committing other unlawful acts against plaintiff and others, and have no adequate Grievance procedure in place to resolve inmate complaints about their unlawful actions." (Doc. 1, at 2.) On May 25, 2018, the Court entered a Memorandum and Order and Order to Shaw Cause (Doc. 4) ("MOSC"), directing Plaintiff to show good cause by June 25, 2018, why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC also gave Plaintiff until June 25, 2018, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed in the MOSC.

The MOSC found that: Plaintiff's official capacity claims against Defendants for monetary damages is barred by sovereign immunity; any challenge to the loss of good time must be dismissed from this action without prejudice to raising it in a habeas corpus petition after exhaustion of all available state remedies; Plaintiff has failed to allege how any of the Defendants, other than Defendant Brenner, personally participated in the deprivation of his

constitutional rights; Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims; Plaintiff fails to allege which defendants retaliated against him and his allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive; Plaintiff has failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-deprivation remedy was unavailable; Plaintiff's conclusory allegation of a conspiracy is insufficient to state a claim; Plaintiff's claims regarding the failure to respond to grievances are subject to dismissal for failure to state a claim; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff's allegations of state law violations are not grounds for relief under § 1983.

Plaintiff has failed to respond within the allowed time and the Court finds that this matter should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 27th day of June, 2018.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**